Good morning. My name is Ryan Norwood, and I'm proud to represent Mr. Milton Plummer. Mr. Plummer made sure that the federal claim in Ground 1 was exhausted before he brought it to federal court. He brought the claim in his very first appeal from his judgment of conviction, and he obtained a ruling on the merits from the Nevada Supreme Court. Rather than come right to federal court, though, in excess of caution, he raised the claim again in a post-conviction petition. The Nevada Supreme Court rejected because it said it had already heard the claim. This claim is exhausted and ripe for review on the merits. There are many different ways identified in the briefing that the court can conclude that this ground was exhausted. But what I'd like the court to focus on first is the Nevada Supreme Court's order in the first direct appeal. The court in this order made a broad ruling that based on the totality of the facts and circumstances surrounding Plummer's guilty pleas, we conclude that they are entered knowingly and voluntarily. And in support of that ruling, the court cited State v. Freese. Now, that's obviously a Nevada State case, but it's a State case that cites and applies a federal standard, specifically the federal standard in Henderson v. Morgan and in Marshall v. Longburger, which are clearly established United Supreme Court cases that establish that when reviewing whether a guilty plea is valid, you can look at the totality of the circumstances, including the entire record. So what the Nevada Supreme Court is saying in this order is that it looked at the entire record, and it determined that Mr. Plummer's guilty plea was knowing, voluntary, and intelligent. So the claim is that under the totality of the circumstances, the plea wasn't valid.  On what ground wasn't it not valid? He sets forth two specific grounds in the Federal petition. The first is that the plea was coerced. This is a plea where Mr. Plummer ---- But didn't he only raise one issue, which was whether the trial court abused his discretion by failing to grant his motion to withdraw his guilty plea? He raised that issue in the fast-track statement itself. The Nevada Supreme Court, though, when it resolved this issue, made this broad ruling. It said that it reviewed the entire record and reviewed the totality of the circumstances and determined that the plea was valid. If you look at the record itself that was raised ---- I mean, there's a difference between asking that the plea be withdrawn and claiming that the plea was coerced. I mean, he may change his mind and say, we've discovered new evidence that exonerates me, I'd like to withdraw my plea, and that can be a ground for withdrawing the plea. And that has nothing to do with whether the original plea was entered coerced. So you can't very well say that because he raised the issue of withdrawal of the plea, the lack of discretion or abuse of discretion in failing to allow him to withdraw his plea, he raised the issue that the plea was coerced. They're two different issues. It's correct under Nevada law that there are bases other than, you know, violations of the ---- It's not a matter of what the Nevada law is. It's what he exhausted. Did he exhaust a Federal claim that the plea was coerced in the Nevada courts? If he only raised the issue that the Nevada courts were wrong in not allowing him to withdraw his guilty plea, he didn't raise the issue that the plea was coerced. But that wasn't the only issue he raised. From the very beginning. But in what manner? I just don't understand how it was coerced. What is the problem? I mean, everybody pleads guilty under some kind of pressure. They've been charged with a crime and they're facing a prison sentence. That doesn't make it coerced. What is it? I'll be happy to go into the question, but just as a ---- I would note that this ---- I think this question goes more to the merits of the claim itself, which is the question that the district court avoided reaching by ruling that the claim was unexhausted. But I understand that, but we're trying to understand the relationship between what you did in State court and what you're trying to do here. That's what exhaustion is all about. And when you ---- when we just speak in these levels of generality, it's very difficult to tell what you were ---- whether you gave the State courts a fair opportunity to decide what you were arguing here, because we can't tell what the claim is. From the very beginning of this challenge, from the very first time he notified the State file court that he wanted to withdraw this plea, Mr. Plummer laid out two specific reasons why. The first was this coercion issue, which he explained in some detail to the court and in his later motion. He said that this was a case involving him and his fiancée. You know, Mr. Plummer had been implicated in numerous robberies and burglaries. And his fiancée was also implicated, although it seems from her record ---- from the record that her role was relatively minor. Mr. Plummer says that his lawyer improperly used this other case to force him to plea ---- to enter a guilty plea to his cases. And Mr. Plummer accepted a guilty plea that the prosecutor itself ---- The lawyer who was the coercer. Yes. He says that his lawyer essentially forced him into taking a guilty plea that he didn't want to take. To save the fiancée. To save the fiancée. There's a second element to this plea, this issue that he laid out, which is that he never understood what the plea agreement was. He specifically told the judge, again, the very first time that he brought this issue up, that he had not read the plea agreement. And for a plea to be knowing and voluntary, it's obviously necessary that the defendant understand what the plea agreement is. And both of those counsel are your first ground. Yes. And you've got a second ground. Yes. And would you tell us what that ground is and how it's different than ground  The second ground really isn't that different from ground one. It's more or less the same claim. The reason it's significant in this appeal is that the district court did not rule that that second ground was exhausted. The only basis for dismissing that claim was ---- Cognizable. It was not cognizable to the district court. Yes. The State's argument is that ground two isn't really a Federal claim. It's a State claim. Right. The best way to resolve that question is just to look at ground two as it's pled in the Federal petition. Ground two is not a State law claim. It's a Federal claim. It cites the Fifth and the Fourteenth Amendments to the United States Constitution. What's the difference between it and the first claim? Yeah. That's where I get hung up. They're two slightly different ways of raising essentially the same theory. So I'd say it's six of one, half dozen of another. But the reason it's important here is there is no exhaustion ruling with respect to ground two. The only basis was this cognizability ruling. And the ground is plainly cognizable. I mean, perhaps reasonable people can debate on its merits, but that's an issue that should be decided in the first instance by the district court. I realize I'm getting down to the end of my time here, so unless the Court has any other questions, I'll reserve the remainder. Okay. Thank you. May it please the Court and Counsel, my name is Robert Wieland. I'm a Senior Deputy Attorney General employed by the Office of the Attorney General of the State of Nevada, and I have the privilege of representing respondents in this matter. The petitioner in a Federal habeas action has the burden of pleading and proving exhaustion. And with respect to that particular issue in ground 1A of his Federal habeas petition, he claims that his guilty plea was involuntary because it was entered under duress and coercion. Basically, his trial counsel had coerced him. Well, that was not exhausted in Mr. Plummer's direct appeal because it's quite simply a different claim. He was claiming that it was an abuse of discretion for the trial court to deny his motion to withdraw his guilty plea. Even then, the underlying premise was that the trial court's canvas was insufficient. That is, he's concerned about the trial court's conduct in the one as opposed to his counsel's conduct in the other. Scalia, wasn't his claim that the withdrawal of the guilty plea was tied in with the coercion by his counsel as to accept the guilty plea, that the reason he wanted to withdraw his guilty plea was because his trial counsel had coerced him into taking or entering the guilty plea? Isn't that the same thing? No, it's not the same thing, Your Honor. In the direct appeal, he is concerned about the trial court's, the failure of the trial court to supposedly adequately canvas him regarding the relationship between his co-defendant, Ms. McElroy, and her circumstances and him. Now, that is a wholly different circumstance from a court saying, now, what about this relationship, which isn't required anyway, but. Tell me what you mean by canvas. The canvas being the trial court's inquiry regarding under Boykin v. Alabama. Saying, do you understand that you're giving up these rights? Yes, sir. And you've given up the right of cross-examination. And what did that have to do with his fiancée? I mean, the Alabama case just gives you a liturgy which you ask at sentencing well, at entry of plea. At the plea. Yeah. Are you saying that he claimed that the canvas or the admonition, as we call it here on 850 Bryant Street, was insufficient because it didn't mention the relationship of the fiancée? And it's, I guess you could say that's what it is. But the focus of the claim that he presented on direct appeal to the Nevada Supreme Court was the abuse of discretion for failing to allow him to withdraw his guilty plea. And that's not the same circumstance as a statement that my guilty plea was involuntary because my trial counsel worsened. The only ground you presented for withdrawing the guilty plea on direct appeal was the insufficient canvas. That's correct, Your Honor. And now he's saying, well, I entered a guilty plea because my attorney twisted my arm. That's essentially it, Your Honor. Was there a post-conviction petition in Nevada? Yes. And what was the issue raised there? He pursued a state post-conviction action which was ultimately found to be procedurally barred, but nevertheless, the claims in there did not exhaust the claims that he presents in his federal habeas petition. He argued that the state district court erred in denying his habeas petition because he should have been allowed to withdraw his guilty plea. He contended that his guilty plea was not knowing, intelligent, and voluntary because of an undescribed within the petition itself, an undescribed learning disability. And he was made some general assertion that he did not read the plea memorandum that he signed. Isn't that ground one and ground two? You just stated what are the bases for both the grounds. Haven't you, counsel? No, Your Honor, I have not, because ground one, again, has to do with threats and coercion. The specific allegation is my counsel coerced me into pleading guilty. That is not the same thing as I have some undescribed learning disability. When one examines whether or not there are aspects under Boykin v. Alabama, there are various aspects with respect to a guilty plea. It's obviously got to be knowing, intelligent, and voluntary. But within those three determinations, as there are subsets of those three determinations, there are subsets of facts with respect to each of those And with respect to ground 1B of this federal habeas petition, he raises something. He now says that I didn't know my counsel promised me I would get a maximum of 12 years. That's completely new and different. It's not even the same. You might argue that the legal theories are the same, but the underlying factual premises are different. And in exhaustion, you need not only the same legal theory, you need the same underlying factual premises. And Mr. Plummer did not present the underlying factual premises in his case. Mr. Plummer tries to rely on Vasquez v. Hillary. His respondents position that Vasquez v. Hillary is no longer viable, particularly in view of the statutorily required analysis under 2254D, and in particular the recent United States Supreme Court case of Cullen v. Pinholster, in which the United States Supreme Court said that it would be anomalous for a court to consider evidence that had not been presented to a state district or the state And what evidence is he attempting to present that was not analyzed by the state court? The analog in the analogy that I'm trying to draw, Your Honor, is, is that if you are now raising new factual allegations that you did not raise in state district court. And what factual allegations is he raising now that he did not raise in state court? That his plea was under duress and coercion by virtue of trial counsel's twisting of his arm, by virtue of this allegation that he did not understand the direct consequences of his plea because his counsel assured him he would get a maximum of 12 years. Those are new and different factual allegations which were not presented to the Nevada Supreme Court. And since it would be anomalous to consider new facts, just anyway, under 2254D, as the United States Supreme Court said in Cullen v. Pinholster, if you're alleging new facts that have not been presented and you cannot apply the test, 2254D requires, application of that requires that the issue have been determined by the state court. And those circumstances are based, both 2254D1 and 2254D2 are based on the facts of the record that was presented to the highest state court. If you have any other? I think we understand your argument. Any further questions? No. Thank you. Thank you, Your Honor. Every single fact that Mr. Plummer alleges in his Federal petition is from the state court record. I've got the whole, all the excerpts here. Can you show me where they are? There are several places. Page number? They're set out in the briefing. There is an initial colloquy. Mr. Plummer explains why he wants to withdraw his plea at around EOR 195. There's a motion to withdraw his plea at EOR 208. There's an evidentiary hearing that takes up about 40 pages in the EOR from about EOR 240 to 285. Then in the post-conviction petition, there is a petition there in which the facts are raised, and there was an evidentiary hearing there in which further facts were raised. What the State is doing here is it's focusing entirely on the text of this fast-track statement that Mr. Plummer's attorney filed during the first appeal. But it's clear from the Nevada Supreme Court's ruling that it decided a much broader issue than this. What the Nevada Supreme Court is saying in its first order, and again in its second order, is that it reviewed the entire record, including all these things that I just mentioned. And it concluded based on this record that Mr. Plummer's plea was entered knowingly, intelligently, and voluntarily. I mean, we can – even if Mr. Plummer hadn't fairly presented the claim under the applicable law, it's clear that the Nevada Supreme Court actually reached the issue, and therefore it's exhausted. Thank you. Thank you.
judges: Sammartino, Schroeder, Bea